Judge Underwood
delivered the opinion of the Court.
There are two causes fo-r which bills of review may be prosecuted:
1st. Errors apparent upon the face of thé record»
2d. Matter, de hors the record. Hendrick’s heirs vs. Clay, II. Mon. 464. Bills of review of the first class, cure errors in a manner analagous and equivalent to the remedy, bv writ of error. Blight, &c. vs. M‘Glovy, &c. IV. Mon. 146.
Hence, an affirmance in this court, upon writ of error, would bar a bill of review for any error, which might exist in the record, but which was not assigned nor inquired into by this court. (See last authority.) It follows, that a reversal by this court, upon a writ of error, (and we perceive no reason why a reversal upon an appeal should not have the same effect) with directions how to render the decree, and the rendition of the decree by the circuit court, in pursuance of *493 the mandates of this, would equally bar an attempt by bill of review, to inquire into errors, which be in the record, but which were not noticed by this court. After this court has decided, its opinion must be effectuated by the inferior courts. This suit was decided by this court, III. Bibb, 411. The decree rendered by the circuit court, conformed to the opinion of this court. All attempts, therefore, to reach any error apparent upon the face of the record, prior to the decision by this court, came too late.
So, reversal upon writ of error or a p-peal, with directions, how to render decree and a decree rendered conformably by inferior court bars hilt of review to inquire into errors which were in record, but not noticed by this court.
Bill of review for matter de /rors'record, may be sustained in two kinds of cases:
First, for discovery of new matter not put in issue by pleadings in record sought to be reviewed and which, had it been known and set forth, would have produced different decree.
*493 If the bill of review, filed by Brewer, &c. can aVail them any thing, it must be because their case falls under the second classification above. Under this head, a bill of review may be sustained in two kinds of cases:
1st. For the discovery of new matter, not put in issue by the pleadings in the record, sought to be reviewed, and which, had it been known, and set forth, Would have produced a different decree.
2d. The discovery of evidence of a “permanent nature and unerring character” which, had it been produced on the trial, would have changed the decree, or by shewing by record, that the witnesses, upon whose testimony the decree was procured, have been ■convicted of perjury, upon their testimony, given in the case sought to be reviewed.
There may be other grounds, cle hors the record, which might justify a review, such as the fraudulent conduct of one of the parties, by which a decree may sometimes be procured, and his adversary taken by surprise in doing it, and the like, but it is not necessary in this case to notice such grounds, as they cannot avail the plaintiffs in error. - Nor is it necessary here to decide whether hills of this character are technically and properly denominated bills of review.
It is not suilicient fora review to depend upon re-swearing the same or other witnesses, with a view to reach the truth. Findley vs. Nancy, III. Monroe, 403; Head vs. Head’s administrator, III. Monroe, 121; Respass vs. M‘Clanahau, Hard. 345. Whether Jacob Bowman was entitled to the land in controver *494 sy, or any part of it, as heir at law, to Joseph Bowman, was a fact put directly in issue, by the pleadings before the cause came first to this court, it is not pretended by the plaintiffs in error, that they have discovered any written or record evidence, or that any witness has been convicted of perjury. We perceive no ground upon which to sustain the bill of review.
Second, discovery ofevi-dence of permanent nature and unerring character., which, had it been produced on tri.al, would have changed decree.
Haggin, for plaintiff; Green and Harlan, for defendant.
Those who are infants, and in whose behalf time is reserved, after they have attained full age, to open a decree, should, we think, apply to the court for that purpose by petition, suggesting the fact of full age, and praying then to be heard. They cannot unite with those who have no privilege in a bill of review, and thus attempt to bring in those who were completely barred by the former decree, again to litigate the whole matter.
The decree of the circuit court is affirmed with costs.
Note. The Chief Justice did not sit in this ease. Reporter.